IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DERRICK BURGESS | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-16-2126 |
| WARDEN CAPPASSO, *et al.* | * | |
| Respondents | * | |

***

# MEMORANDUM OPINION

Petitioner Derrick Burgess, presently detained at the Harford County Detention Center, filed a petition for writ of habeas corpus (ECF 1), together with a motion to proceed in forma pauperis (ECF 2). Because Burgess appears to be indigent, his motion (ECF 2) shall be granted. For the reasons set forth below, the petition shall be dismissed, without prejudice.

Burgess indicates that he was convicted in the District Court for Harford County on April 28, 2016, and is awaiting sentencing.[1] ECF 1 at 1. He asserts that he was wrongfully convicted, judicial misconduct has occurred, he is held without bail pending sentencing, and his pre-sentencing investigation has "taken more time than each count carries," amounting to cruel and unusual punishment. *Id.* at 6.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it.

---

[1] Examination of Maryland's electronic docket confirms that on April 28, 2016, Burgess was convicted on three counts of failing to comply with a peace order and three counts of trespass on private property. Sentencing is scheduled for August 1, 2016. *See State of Maryland v. Burgess,* Criminal Case No. 5R00105061 and *State of Maryland v. Burgess,* Criminal Case No. 1R00104917, http://casesearch.courts.state.md.us/casesearch/inquiry.

For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised by way of an appeal. An appeal from a Maryland District Court would first be taken to the appropriate Circuit Court. *See* Md. Code (2013 Repl. Vol.) §§ 12-401, 12-403 of the Courts & Judicial Proceedings Article ("C.J."). Thereafter, an appeal may be taken to the Maryland Court of Special Appeals. C.J. §12-301. Subsequent review is by way of a petition for writ of certiorari filed with the Maryland Court of Appeals. C.J. § 12-201. If an appeal of right is not permitted, as in cases where a guilty plea is entered in the Circuit Court, exhaustion can be accomplished by filing an application for leave to appeal to the Maryland Court of Special Appeals. *See* C.J. §12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* C.J. §12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams v. State*, 292 Md. 201, 210-11 (1981). ECF 3 at 2–5.

In his form petition, Burgess indicates that he has not sought appellate review. Notably, post-conviction proceedings are not yet available. Thus, it is clear the claims Burgess has asserted have not been exhausted and must be dismissed, without prejudice.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Burgess fails to meet this standard.

For these reasons, a separate Order shall be entered granting Burgess leave to proceed in forma pauperis, dismissing the petition for habeas corpus relief, and denying a certificate of appealability.

<u>June 24, 2016</u>                                         _____/s/_____
Date                                                                 Ellen L. Hollander
                                                                         United States District Judge